659 A.2d 872

Randy W. BLADES, Sr.

v.

Edward V. WOODS.

No. 36, Sept. Term, 1995.

Court of Appeals of Maryland.

June 13, 1995.

Michael Marshall, Schlachman, Belsky & Weiner, Baltimore, for petitioner.

William Phelan, Sp. Sol., Baltimore, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

PER CURIAM.

Petitioner, Randy W. Blades, Sr. (Blades), held the rank of sergeant in the Baltimore City Police Department (the Department) of which the respondent, Edward V. Woods, was the Commissioner. Blades was found guilty of improper conduct, involving sexual harassment, by a departmental trial board, and he was demoted to police officer. Blades filed an action in the Circuit Court for Baltimore City in which he requested judicial review of the departmental decision and in which he also claimed damages for an alleged violation of 42 U.S.C. § 1983.

The theory of Blades's civil rights claim was that he had been disparately treated in relation to similarly situated minorities. The Department sought a severance of the § 1983 claim from the review of administrative action and, over the opposition of Blades, the severance was granted. The order of court directed that the two claims "proceed as separate actions."

Thereafter, in an effort to prove his § 1983 theory, Blades requested discovery. While the discovery request was pending and not complied with, a hearing was held on the claim for judicial review, and judgment was entered in favor of Commissioner Woods.

Subsequently, Blades moved to compel discovery, the Department opposed, and Blades's motion to compel was denied.

The Department then moved for summary judgment on the civil rights claim. That motion was granted. The basis of the circuit court's ruling was lack of evidence on behalf of Blades, either to show any violation of his constitutional rights or to show liability for damages on the part of Commissioner Woods.[1]

Blades appealed to the Court of Special Appeals. His brief raised one question: "Was the trial court in error by denying Appellant's Motion to Compel Discovery, thereby precluding his ability to establish a meaningful case?" By an unreported opinion the judgment of the circuit court was affirmed. The intermediate appellate court was "persuaded that the discovery issue is not properly before us because appellant's 1983 action is barred by the doctrine of res judicata." *Res judicata* was said to arise from the affirmance on judicial review of the agency order. The Court of Special Appeals said that the judicial review judgment necessarily resolved against Blades his contentions of disparate treatment.

---

1. At the conclusion of the hearing on the motion for summary judgment counsel for the petitioner clarified the record by inquiring whether an estoppel issue had affected the circuit court's decision. The court replied: "No, it doesn't. Estoppel is not part of my decision. My decision is lack of evidence."

Blades petitioned this Court for the writ of certiorari. He presents the following question for review:

"If two issues are severed for trial by order of court, is it error to bar the second issue based on the doctrine of res judicata because it was not raised at the trial of the first issue?"

We have today granted the writ, and we now vacate the judgment of the Court of Special Appeals.

■ Ordinarily, an appellate court should review a grant of summary judgment only on the grounds relied upon by the trial court. Maryland Rule 8–131(a); *Gross v. Sussex Inc.*, 332 Md. 247, 254 n. 3, 630 A.2d 1156, 1158 n. 3 (1993); *Federated Dep't Stores, Inc. v. Le*, 324 Md. 71, 79, 595 A.2d 1067, 1071 (1991); *Finci v. American Casualty Co.*, 323 Md. 358, 387, 593 A.2d 1069, 1083 (1991). The rule has its most forceful application if the alternative ground for upholding the judgment that was not ruled upon by the trial court, " 'is one as to which the trial court had a discretion to deny summary judgment.' " *Orkin v. Holy Cross Hosp. of Silver Spring, Inc.*, 318 Md. 429, 435, 569 A.2d 207, 210 (1990) (quoting *Geisz v. Greater Baltimore Medical Center*, 313 Md. 301, 314 n. 5, 545 A.2d 658, 664 n. 5 (1988)); *see also Henley v. Prince George's County*, 305 Md. 320, 333, 503 A.2d 1333, 1340 (1986); *Metropolitan Mortgage Fund, Inc. v. Basiliko*, 288 Md. 25, 27–29, 415 A.2d 582, 583–84 (1980).

■ In the case before us the Court of Special Appeals apparently considered *res judicata* to be an absolute bar that could not be affected by any exercise of trial court discretion. The intermediate appellate court's legal ruling, however, is not correct. We have said that

"[t]he basic rule of res judicata is that facts or questions which were in issue in a previous action and were therein determined by a court which had jurisdiction of the parties and the subject matter are conclusively settled by a final judgment in the first case and may not again be litigated in a subsequent action between the same parties or their

privies even though the subsequent suit takes a different form or is based on a different cause of action."

*Pat Perusse Realty Co. v. Lingo*, 249 Md. 33, 35, 238 A.2d 100, 102 (1968).

Here there was no final judgment in this action until the grant of summary judgment for Commissioner Woods on the civil rights claim. Assuming, *arguendo*, that, the Department could properly have obtained, by invoking Maryland Rule 2–602(b)(1), certification as a final judgment of the judgment on the judicial review of the administrative order, the Department did not do so. Consequently, that judgment remained interlocutory until the entire action was disposed of. *See* Restatement (Second) of Judgments § 13, cmt. e (1982).

 Nor did the circuit court's severance order, although directing that the claims proceed as "separate actions," have the effect of converting the single action filed by Blades into two separate actions for purposes of *res judicata* or issue preclusion so that a ruling in the phase firstly to be decided could be conclusive in the phase secondly to be decided. In entering its severance order the circuit court was acting pursuant to Rule 2–503(b) which provides as follows:

"In furtherance of convenience or to avoid prejudice, the court, on motion or on its own initiative, may order a separate trial of any claim, counterclaim, cross-claim, or third-party claim, or of any separate issue, or of any number of claims, counterclaims, cross-claims, third-party claims, or issues."

Rule 2–503(b) permits severance of claims or issues within an action for separate trials, not the mutation of one action into two or more separate actions.

Accordingly, the Court of Special Appeals in this appeal should have proceeded according to the ordinary rule. Appellate review should have addressed the ground on which the circuit court relied in granting summary judgment, namely, whether there was evidence to support Blades's civil rights claim. That ground, in turn, raises the issue of whether Blades's motion to compel discovery was properly overruled.

480 ▮

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT ON REMAND IN THE COURT OF SPECIAL APPEALS.*