**TUNNEL/HESTER JOINT VENTURE Plaintiff,**

v.

**TUNNEL ELECTRIC CONSTRUCTION CO., INC., et al., Defendants.**

**No. CIV.A.CCB 02–2229.**

United States District Court, D. Maryland.

Dec. 23, 2002.

Taiwo A. Agbaje, Law Offices of Agbaje & Associates, P.A., Baltimore, MD, for Plaintiff.

Lawrence Henry Kirsch, Washington, DC, Scott M. Hartinger, Ethridge Quinn McAuliffe Rowan and Hartinger, Rockville, MD, for Defendants.

### MEMORANDUM

BLAKE, District Judge.

Before the court are motions to dismiss filed by defendants Mercedes McDonnell and First National Bank of La Grange. Another defendant, Tunnel Electric Construction Company, Inc., has filed a motion for summary judgment and a motion to dismiss for lack of jurisdiction. The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the motion to amend the complaint by interlineation will be granted and the motion to dismiss for lack of jurisdiction will be denied; the motions

to dismiss and the motion for summary judgment will be granted.

*Factual Background*

In 1994, one of the defendants, Tunnel Electric Construction Company ("Tunnel Electric"), and Hester Enterprises, Inc., formed the plaintiff, the Tunnel/Hester Joint Venture (the "Joint Venture"). The Joint Venture worked on a number of construction projects in the Baltimore–Washington Metropolitan Area.

In August 1999, Hester Enterprises brought suit in the Maryland Circuit Court for Prince Georges County against Tunnel Electric, Gregory McDonnell, an officer of Tunnel Electric, and First National Bank of La Grange. The complaint alleged that the defendants violated the terms of the Joint Venture agreement, took money from Joint Venture bank accounts improperly, and breached fiduciary duties owed to Hester Enterprises. That case was tried to a jury in June of 2002. It is currently on appeal.

In July of 2002, the Joint Venture initiated this action against Tunnel Electric, First National Bank of La Grange, Industrial Bank of Washington, Thomas Kearney, Gregory McDonnell, and Mercedes McDonnell.[1] The complaint alleges that the defendants violated Maryland law and the terms of the Joint Venture agreement by wrongfully taking money from Joint Venture bank accounts and breaching a fiduciary duty owed to the Joint Venture.

*Discussion*

As an initial matter, Tunnel Electric has argued that there is no complete diversity in this case sufficient to support subject matter jurisdiction, because the Complaint listed the Industrial Bank of Washington as a citizen of Maryland and the Joint

1. Suit was also brought against Jacqueline Laprise, but she was voluntarily dismissed from the action after Tunnel Electric moved

to dismiss for lack of subject matter jurisdiction, since both the Joint Venture and Ms. Laprise are citizens of Maryland.

Venture is a citizen of Maryland. The Joint Venture has filed a motion to amend the complaint by interlineation, which would change the citizenship of the Industrial Bank of Washington from Maryland to Washington, D.C. The court will grant the motion to amend the complaint, and deny the motion to dismiss for lack of jurisdiction.

■ Further, the defendants have argued that this action is barred by res judicata in light of the prior state court action. Under Maryland law: [2]

"[t]he basic rule of res judicata is that facts or questions which were in issue in a previous action and were therein determined by a court which had jurisdiction of the parties and the subject matter are conclusively settled by a final judgment in the first case and may not again be litigated in a subsequent action between the same parties or their privies even though the subsequent suit takes a different form or is based on a different cause of action."

Pat Perusse Realty Co. v. Lingo, 249 Md. 33, 238 A.2d 100, 102 (1968) (quoted in Blades v. Woods, 338 Md. 475, 659 A.2d 872, 873 (1995)); see also FWB Bank v. Richman, 354 Md. 472, 731 A.2d 916, 927 (1999).

It is not disputed that there was a final judgment on the merits in the state court action, nor is it disputed that the state court had personal and subject matter jurisdiction over the claims presented there. The only issues which need to be resolved for the application of res judicata are whether both this action and the state court litigation are over the same "facts or questions," and whether the two actions are between the same parties or their privies.

Two court actions involve the same issue for res judicata purposes if they arise out of the same transaction or series of transactions. FWB Bank, 731 A.2d at 927–28. This action deals with Tunnel Electric's alleged use of Joint Venture funds in Joint Venture bank accounts. (Complaint at ¶¶ 10–18.) The state court action also dealt with Tunnel Electric's alleged use of Joint Venture funds from Joint Venture bank accounts over the same time period. (Tunnel Electric's Mot. Ex. A at ¶¶ 14–16.) The court determines that the two actions arise out of the same series of transactions.

■ With respect to the question whether the same parties are involved in both actions, the Maryland Court of Appeals has explained that:

[F]or the purpose of the application of the rule of res judicata, the term "parties" includes all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine the witnesses, and appeal if an appeal lies .... So, where persons, although not formal parties of record, have a direct interest in the suit, and in the advancement of their interest take open and substantial control of its prosecution, or they are so far represented by another that their interests receive actual and efficient protection, any judgment recovered therein is conclusive upon them to the same extent as if they had been formal parties.

Ugast v. LaFontaine, 189 Md. 227, 232–33, 55 A.2d 705 (1947) (citations omitted) (quoted in Warner v. German, 100 Md. App. 512, 642 A.2d 239 (1994)).

2. Maryland law of res judicata applies in this court because Maryland state court judicial proceedings have the same preclusive effect in this court that they would have in a Maryland court. 28 U.S.C. § 1738.

In the first action, one of the two partners of the Joint Venture, Hester Enterprises, sued the other, Tunnel Electric. In this action, the Joint Venture is bringing suit against Tunnel Electric. Clearly the Joint Venture is not suing Tunnel Electric at Tunnel Electric's behest. Since there are only two partners in the Joint Venture, this lawsuit must be under the control of the other partner, Hester Enterprises. This inference is borne out by other facts. The attorney who represented Hester Enterprises in the state court litigation, Taiwo Agbaje, is representing the Joint Venture in this action. The President of Hester Enterprises, Robert Hester, is using his address as the address for the Joint Enterprise in the pleadings in this case. The court concludes, therefore, that Hestor Enterprises is a "party" in both actions, as the term is used for res judicata purposes in Maryland. Because all three elements of res judicata apply, this action will be barred by res judicata as to the defendants in the prior state court action, First National Bank of La Grange, and Tunnel Electric.

Res judicata will also bar this action against Mercedes McDonnell, who was not involved in the prior state court action. The Maryland Court of Appeals has held that mutuality is not required to use res judicata as a shield. *Pat Perusse Realty Co. v. Lingo,* 249 Md. 33, 238 A.2d 100, 106 (1968). As the court said, "[p]ublic policy against repetitive identical litigation, which underlies the rule of res judicata, applies here with logic and force to provide that [the party in the prior proceeding's] rights were satisfied by having had its day in court on an issue, and that it is not entitled to another day in court against a particular defendant on that is-

sue." *Id.* at 107–08. The complaint will be dismissed against Ms. McDonnell as well, under the reasoning of *Lingo.*

Further, several of the defendants, the Industrial Bank of Washington, Gregory McDonnell, and Thomas Kearney, have not filed a motion to dismiss. Nonetheless, there is no room to distinguish these defendants from the others who did file a motion to dismiss. Res judicata bars this action against the non-moving defendants as well. Therefore, the court, on its own motion, will dismiss the complaint against these defendants.[3]

*Conclusion*

For the foregoing reasons, the motions to dismiss filed by Mercedes McDonnell and First National Bank of La Grange will be granted. Tunnel Electric's motion for summary judgment will also be granted. The court, on its own motion, will dismiss the case against Industrial Bank of Washington, Gregory McDonnell, and Thomas Kearney. The motion to dismiss for lack of jurisdiction will be denied, and the motion to amend the complaint by interlineation will be granted.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

(1) the Motion to Amend the Complaint by Interlineation filed by the Joint Venture (docket number 5) is **granted;**

(2) the Motion to Dismiss for Lack of Jurisdiction filed by Tunnel Electric Construction Company (docket number 3) is **denied;**

---

**3.** Further, Tunnel/Hester Joint Venture filed a motion for default judgment against Gregory McDonnell. Because the claims against him are barred by res judicata, an entry of default judgment would be able to be set aside were it entered and challenged. For that reason, the court will deny the motion for default judgment.

(3) the Motion to Dismiss filed by First National Bank of La Grange (docket number 8) is **granted**;

(4) the Motion for Summary Judgment filed by Tunnel Electric Construction Co., Inc. (docket number 9) is **granted**;

(5) the Motion to Dismiss filed by Mercedes McDonnell (docket number 13) is **granted**;

(6) the Motion for Default Judgment filed by Tunnel/Hester Joint Venture (docket number 16) is **denied**;

(7) the court, on its own motion, dismisses the claims against Gregory McDonnell, Thomas Kearney, and Industrial Bank of Washington;

(8) the Clerk shall close this case; and

(9) the Clerk shall send copies of this Order and the accompanying Memorandum to counsel of record.