900 A.2d 275

Stephen E. THOMPSON

v.

BALTIMORE COUNTY, Maryland.

No. 0281, Sept. Term, 2005.

Court of Special Appeals of Maryland.

June 6, 2006.

P. Matthew Darby (Jason R. Engel, Albertini & Darby, LLP, on the brief), Baltimore, for appellant.

Michael G. Comeau (John E. Beverungen, Acting County Attorney, on the brief), Towson, for appellee.

ADKINS, KRAUSER and LAWRENCE F. RODOWSKY (Retired, Specially Assigned) JJ.

ADKINS, J.

In this appeal, we must decide the consequences of a failure to file a timely written response to a motion for summary judgment, as required by Md. Rule 2–501 (as amended in 2004) when the filings of the moving party contain a dispute of material fact. After the Workers' Compensation Commission found in favor of appellant Stephen E. Thompson on his claim, Baltimore County appealed to the circuit court for that county. The circuit court granted the County's motion for summary judgment, reasoning that Thompson's failure to file a written response to the County's motion justified that disposition.

Thompson challenges this decision, arguing, first, that the court erred in granting summary judgment based on his failure to file a written response because the County's motion itself demonstrated a dispute of material fact, and second, that he was entitled to rely on the favorable decision of the Workers' Compensation Commission without presenting additional evidence. We agree with both of Thompson's arguments and hold that summary judgment was improper.

## FACTS AND JUDICIAL PROCEEDINGS

In March of 2000, Thompson, a Baltimore County firefighter, filed a workers' compensation claim alleging that he suffered from an occupational disease, chronic sinusitis. The County disputed that the condition was causally related to

Thompson's employment, and further contended that Thompson's claim was barred under the relevant statute of limitations.[1]

At the hearing before the Workers' Compensation Commission, held in January 2002, Thompson testified that he was first informed that his chronic sinusitis was related to his employment in **1999,** a date that would render his claim timely under the statute of limitations. The Workers' Compensation Commission found for Thompson, specifically determining that his claim was **not** time-barred.

The County filed an appeal in the Circuit Court for Baltimore County, requesting a jury trial. *See* Md.Code, Lab. & Empl. ("LE") § 9–745 (1991, 1999 Repl.Vol.) (outlining workers' compensation appeal procedures). After the discovery and motions deadlines had passed, on December 1, 2004, Thompson took a *de bene esse* deposition of his treating doctor, Dr. Shikani. At the deposition, Dr. Shikani testified that the first time he discussed with Thompson the possibility of a causal connection to his employment occurred in **1996.**

Relying on this testimony, the County immediately filed a motion for summary judgment in the circuit court on December 3, 2004. Thompson failed to file a written response to the County's motion, and the matter was heard on January 4, 2005, the date the trial on the matter was set to occur. At the hearing, Thompson's counsel agreed that he had not filed a written response to the County's motion. He stated, however, that he was prepared to respond to the motion with an "oral affidavit," or testimony given by Thompson.

The court rejected this proposal, declaring that the filing of a written response to a motion for summary judgment was mandatory. Thompson disagreed, arguing that, because a motion for summary judgment is dispositive and therefore requires a hearing, if requested, he was permitted to respond

---

1. Under Maryland Code, Labor & Employment, section 9–711(a)(2), Thompson must have filed his claim within two years from the date he first had **actual knowledge** that his disablement was caused by his employment.

to the motion orally at the hearing.[2] *See* Md. Rule 2–311(f) (2005) ("the court may not render a decision that is dispositive of a claim or defense without a hearing if one was requested"). "It would be irrelevant," he maintained, "to have a hearing that's unilateral."

The court rejected this argument as well. It explained that under Rule 2–501, a response to a motion for summary judgment must be in writing.[3] The court determined that the rule precluded an oral response by Thompson at the hearing:

> There's nothing in the rule that indicates you may present testimony beyond the time within which a response was due in an attempt to oppose the motion for summary judgment and create a dispute as to a material fact.
>
> . . . .
>
> There's nothing in this rule to give you the right to make an oral opposition to the County's motion for summary judgment.
>
> . . . .
>
> The rule indicates that the case has to be decided based upon the pleadings, the affidavits, the depositions. There can be an admission or concession by the parties at the time of the hearing, but I see nothing permitting oral testimony.

Undeterred, Thompson contended that, regardless of whether he responded, the County's motion alone was still insufficient to support summary judgment. As the moving party, he urged, the County was required to show that there was no material dispute of fact, and that it was entitled to judgment as a matter of law. *See* Md. Rule 2–501(a). He maintained that the County's motion, by its own terms, "creates a dispute of material fact." The motion and attached Commission testimony, he explained, documented Thompson's claim that he learned about the causal relationship in 1999.

---

**2.** The County requested a hearing on its motion.

**3.** As we will discuss below, Rule 2–501 was amended in 2003. The new version became effective July 1, 2004, and the motions hearing below occurred on January 4, 2005.

The court, however, appeared not to credit this latter argument. Without commenting on whether the motion and attachments raised a dispute of fact, the court simply concluded that Thompson's failure to file a written response was dispositive:

Well, I'm satisfied ... from my reading of the annotations, that you should have raised your alleged dispute by way of affidavit or sworn testimony under oath by deposition in a written motion or a written response to the County's motion for summary judgment. That was not done. No case has been cited to me, nor can I find any case which permits the Court to hear testimony at a hearing on an unopposed motion for summary judgment. And I say unopposed in that no written response was filed in accordance with the rules.

So for those reasons, I grant the County's motion for summary judgment.[4]

## DISCUSSION

It is his last argument that Thompson advances in his timely appeal. Thompson does not argue here that he should have been allowed to *introduce* new affidavit, deposition, or oral testimony at the summary judgment hearing. He contends merely that the County did not meet its burden to demonstrate that it was entitled to summary judgment.

Thompson asserts that his failure to file a written response to the County's motion did not automatically warrant the grant of summary judgment against him, but rather, that he "should have been afforded the opportunity to argue that a genuine dispute as to a material fact existed rather than being precluded from making such an argument[.]" "[E]ven without the benefit of a written response and argument[,]" he maintains, "the [c]ircuit [c]ourt had all of the evidence it needed to deny [the County's] motion." The dispute of material fact, he

---

4. Thompson subsequently filed a motion for reconsideration, which was denied.

says, is contained in the County's motion and included in the transcript of his testimony before the Workers' Compensation Commission, which was attached to the motion.[5]

The County, on the other hand, claims that Thompson's failure to respond in writing "in itself is dispositive" because Rule 2–501(b) requires a written response. It contends that "the failure of a non-moving party to properly contradict facts contained in a movant's affidavit or deposition in support of a summary judgment motion constitutes an admission of the truth of all such statements." [6]

The critical question in deciding the propriety of summary judgment is whether there is a dispute of material fact. It is the **movant's burden** to prove that no such dispute exists, regardless of any opposition. *See Montgomery v. Remsburg*, 147 Md.App. 564, 585–86, 810 A.2d 14 (2002), *rev'd on other grounds, Remsburg v. Montgomery*, 376 Md. 568, 831 A.2d 18 (2003) (explaining that even if the opponent of summary judgment "did not proffer an affidavit or any other admissible evidence in defense of that motion, that failure alone does not justify the grant of summary judgment" because the moving party bears the burden of establishing that there is no dispute of material fact). For the reasons stated below, we agree with Thompson that the County did not meet this burden.

---

**5.** Thompson also argues that Dr. Shikani's deposition testimony is insufficient to support the strict "actual knowledge" standard of the statute of limitations. We do not address this contention, because the circuit court did not decide this question. *See Blades v. Woods*, 338 Md. 475, 478, 659 A.2d 872 (1995) ("Ordinarily, an appellate court should review a grant of summary judgment only on grounds relied upon by the trial court." (citing Md. Rule 8–131(a))).

**6.** The County also argues that Thompson's statement to the Commission that, in 1999, a doctor told him that his condition was related to his employment, is inadmissible "self-serving, hearsay testimony." We disagree. This statement is not hearsay because it was not offered to prove that there was in fact a causal relationship. *See* Md. Rule 5–801 (defining hearsay). Rather, it was offered to prove when Thompson acquired notice, or knowledge, that his job may be a contributing factor to his sinus problems.

## I.

### Requirement That Response Be In Writing

 Maryland Rule 2–501, governing summary judgment, was amended in December of 2003. The changes became effective July 1, 2004. The County's motion for summary judgment was filed December 3, 2004, and the hearing on the motion was held January 4, 2005. Thus, because the motion was filed *after* the amendments took effect, it was controlled by the **amended** version of Rule 2–501.

The former version of Rule 2–501 did not require a written response to a motion for summary judgment:

(a) **Motion.** Any party may file at any time a motion for summary judgment on all or part of an action on the ground that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law. The motion shall be supported by affidavit if filed before the day on which the adverse party's initial pleading or motion is filed.

(b) **Response.** The response to a motion for summary judgment shall identify with particularity the material facts that are disputed. When a motion for summary judgment is supported by an affidavit or other statement under oath, an opposing party who desires to controvert any fact contained in it may not rest solely upon allegations contained in the pleadings, but shall support the response by an affidavit or other written statement under oath.

The present Rule 2–501 became effective July 1, 2004, and was in effect at the time of the motions hearing below. It states, in pertinent part: [7]

(a) **Motion.** Any party may *make a* motion for summary judgment on all or part of an action on the ground that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law. The motion shall be supported by affidavit if it is (1) filed before

---

7. The new or revised language is italicized.

the day on which the adverse party's initial pleading or motion is filed *or (2) based on facts not contained in the record.*

(b) **Response.** *A* response to a *written* motion for summary judgment *shall be in writing and* shall (1) identify with particularity *each* material fact *as to which it is contended that there is a genuine dispute and (2) as to each such fact, identify and attach the relevant portion of the specific document, discovery response, transcript of testimony (by page and line), or other statement under oath that demonstrates the dispute. A response asserting the existence of a material fact or controverting any fact contained in the record shall be supported* by an affidavit or other written statement under oath. (Italics and bold added.)

Rule 2–501 was amended to respond to the Court of Appeals' recommendation in *Pittman v. Atlantic Realty Company,* 359 Md. 513, 542, 754 A.2d 1030 (2000), that the Rules Committee study the use of "sham affidavits" to defeat motions for summary judgment, and recommend changes in the Rules "if the trial courts were given the discretion under Rule 2–501 to strike a sham affidavit." [8] Maryland Register, Vol. 30, Issue 17, 1125 (Aug. 22, 2003). The 2004 modifications to Rule 2–501 were intended to avoid the necessity and expense

---

**8.** To accomplish this purpose, "[a]mendments to section (b) of Rule 2–501 require greater specificity and documentation in a response to a motion for summary judgment." Maryland Register, Vol. 30, Issue 17, 1119 (Aug. 22, 2003). Section (e) was added to "allow the court, on motion, to strike all or part of an affidavit or other statement under oath that contradicts a prior sworn statement of the affiant." *Id.*

Also responding to *Pittman,* the phrase "at any time" was deleted from section (a) "to make clear that a motion for summary judgment may not be made at any time if the timing is not in accordance with a scheduling order entered under Rule 2–504." *Id.*

And, observing that the motions court compared Rule 2–501 to Rule 2–311, which governs motions practice generally, the amendments to Rule 2–501 were intended to make this rule "self-contained but consistent with [the] general motions practice" of Rule 2–311. *See* Minutes of Court of Appeals Standing Committee on Rules of Practice and Procedure, 64–65 (Oct. 11, 2002).

of trial when it was crystal clear that a party had filed a "sham affidavit." This case does not involve any allegation of a "sham affidavit," and Thompson never contradicted himself regarding the question of when he learned that his chronic sinusitis was related to his employment. *See* [Amended] Rule 2–501(e) (2005) (court may strike an affidavit that contradicts a prior sworn statement).

The amendments added the language "shall be in writing" to section (b), which pertains to responses to motions for summary judgment. The new requirement in section (b) that a response to a motion for summary judgment "shall be in writing" was included within these changes presumably to assist the trial judge in determining whether to exercise its discretion under section (e) to strike a contradictory affidavit. Because the rule does not prescribe any consequences for a party's failure to respond in writing, we look to Maryland Rule 1–201 to help us decide the appropriate disposition of this case. Subpart (a) of Rule 1–201 states:

> **General.** These rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay. When a rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

Both the Rules Committee in recommending the "in writing" requirement and the Court of Appeals in adopting it were fully aware of the well-settled rule that summary judgment should not be granted unless the movant shows that it is entitled to summary judgment as a matter of law. *See Brown v. Suburban Cadillac, Inc.*, 260 Md. 251, 254–55, 272 A.2d 42 (1971). Disposition of a case by the grant of summary judgment is an abbreviated process that promotes efficiency, saves parties' litigation expenses, and conserves judicial resources. *See Cheney v. Bell Nat. Life Ins. Co.*, 70 Md.App. 163, 166, 520

A.2d 402 (1987). But the process has always operated in a manner that protects the integrity of the process by insuring that whenever there is a genuine dispute of material fact, that dispute will be resolved by a fact-finder at trial. There is no commentary or legislative history contained in the proceedings relative to the revision of Rule 2–501 that suggests that, by requiring a written answer, the Court of Appeals intended to cancel the movant's burden to show that the motion and response disclose no dispute of material fact.

It is our opinion that if the Rules Committee and the Court of Appeals intended that a failure to respond "in writing" justified the entry of a summary judgment against the respondent without determination of whether there was a dispute of material fact contained in the documents attached to the motion, it would have explicitly said so. Instead, section (f) of Maryland Rule 2–501 clearly directs the circuit court:

> **Entry of Judgment.** The court shall enter judgment in favor of or against the moving party **if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.** (Emphasis added.)

If the Court of Appeals intended that the revisions to Rule 2–501 authorized entry of summary judgment just because the respondent filed no written response, without consideration of whether there was a dispute of material fact, then surely it would have added to section (f) explicit language stating that consequence. In the absence of some clear direction in section (f), we will not interpret the amendments to section (b) to require such a new and harsh result.

■ The County's motion did not meet its burden of demonstrating the absence of a dispute of material fact. In addition to stating that Dr. Shikani testified at deposition that he "provided [Thompson] actual knowledge of the relationship between his diesel exposure and chronic sinusitis in 1996[,]" the motion states, "Steven E. Thompson[ ] erroneously testified before the Commission that his treating doctor, Dr. Alan

H. Shikani, never told him about the relationship between his employment and his chronic sinusitis until 1999[.]" Attached to the motion as documentation of these statements were portions of Dr. Shikani's deposition testimony and Thompson's testimony before the Commission. Thus, the motion itself documented a dispute of material fact, and summary judgment was therefore not appropriate.

## II.

### The Commission's Ruling

As an alternate ground for reversing summary judgment entered against him, Thompson relies on the presumption of correctness accorded a decision of the Workers' Compensation Commission when there is an appeal to the circuit court. *See* Md.Code, LE § 9–745(b) ("(1) the decision of the Commission is presumed to be *prima facie* correct; and (2) the party challenging the decision has the burden of proof").

This statute was recently interpreted in *Baltimore County v. Kelly*, 391 Md. 64, 891 A.2d 1103 (2006).[9] In *Kelly*, the claimant complained that his back problems were exacerbated by an on-the-job injury. The Workers' Compensation Commission decided in Kelly's favor. The County appealed to the circuit court, arguing that it was entitled to summary judgment because Kelly had not presented expert medical testimony regarding causation to the Commission. The circuit court agreed, and entered summary judgment in the County's favor. When the case reached this Court, we reversed, concluding that Kelly was not obligated to present additional evidence to the circuit court, beyond the Commission's findings in his favor. *See Kelly v. Balt. County*, 161 Md.App. 128, 154, 867 A.2d 355 (2005).[10]

---

9. This opinion was issued the day before oral argument in Thompson's case.

10. As our opinion was issued on January 31, 2005, the motions judge did not have the benefit of either appellate court decision when it made its decision.

In affirming the judgment of this Court, the Court of Appeals first looked to LE section 9–745, which outlines the procedure to be followed in appeals from decisions of the Workers' Compensation Commission. 391 Md. at 74–75, 891 A.2d 1103. The Court observed that an appellant has the option, under section 9–745(d), to request a jury trial on any question of fact involved in the case. It explained that this section "essentially" allows for a *de novo* review of the Commission's decision. *Id.* at 74, 891 A.2d 1103.

The review is "essentially," and not entirely, *de novo* because section 9–745(b) states that "(1) the decision of the Commission is presumed to be *prima facie* correct; and (2) the party challenging the decision has the burden of proof." *Id.* The Court explained that under section (b), when the employee prevails before the Commission, "the burden of **proof,** which was borne by the claimant before the Commission, switches to the employer before the circuit court." *Id.* at 75–76, 891 A.2d 1103. "In such a case, the decision of the Commission is, *ipso facto,* the claimant's *prima facie* case . . . Indeed, the successful claimant, as the non-moving party on appeal, has no burden of production." *Id.* at 76, 891 A.2d 1103 (quoting *Gen. Motors Corp. v. Bark,* 79 Md.App. 68, 80, 555 A.2d 542 (1989)).

The Court explained, however, that " '[t]he Commission's decision is merely *evidence* of a particular fact[.]' " *Id.* (quoting *Holman v. Kelly Catering,* 334 Md. 480, 494, 639 A.2d 701 (1994)). Therefore, with respect the burden of **persuasion** under the first part of section (b), the jury considering the appeal "is free to disregard" "incredible" findings of the Commission. *Id.*

The Court summarized this established law:

The provision that the decision of the Commission shall be *"prima facie* correct" and that the burden of proof is upon the party attacking the same does not mean, therefore, that if no facts are established before the Commission sufficient to support its decision, that there is any burden of factual proof on the person attacking it, for the decision of the

Commission cannot itself be accepted as the equivalent of facts which do not exist ... **On the other hand, where the decision of the Commission involves the consideration of conflicting evidence as to essential facts, or the deduction of permissible but diverse inferences therefrom, its solution of such conflict is presumed to be correct,** and the burden of proof is upon the party attacking it to show that it was erroneous.

*Id.* at 76–77, 891 A.2d 1103 (quoting *Moore v. Clarke,* 171 Md. 39, 45, 187 A. 887 (1936)) (emphasis added).

The Court ruled that the circuit court could not enter summary judgment in the County's favor on the ground that Kelly failed to produce expert testimony to the Commission. *Id.* at 80, 891 A.2d 1103. Because the Commission had "reviewed the competing evidence" and had decided in Kelly's favor, he "was not obliged to adduce medical testimony affirmatively establishing the issue of causation at the [summary judgment] stage of the Circuit Court proceedings[.]" *Id.*

Applying the teachings of *Kelly,* we conclude that, regardless of Thompson's failure to file a written response, summary judgment was improper. As we determined earlier, the amendment to Rule 2–501 requiring a written response to a summary judgment motion does not change the movant's burden to demonstrate that there is no dispute of material fact. The Workers' Compensation Commission "reviewed the evidence" on when Thompson acquired actual knowledge; he was therefore entitled to rely on the Commission's finding as his *prima facie* case. The Commission decided that Thompson's claim was not barred by the statute of limitations. This ruling was supported by the evidence. As the prevailing party before the Commission, Thompson was simply not *required* to produce additional evidence to survive summary judgment.

## CONCLUSION

For these reasons, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.