### PITTSBURGH RYS. CO. v. CHAPMAN.

(Circuit Court of Appeals, Third Circuit. May 28, 1906.)

#### No. 17.

1. STREET RAILROADS—DANGEROUS APPLIANCES—GUY WIRES—RAILROAD CROSS-INGS.

Where a street railway company, maintaining a grade crossing over the tracks of a railroad, failed to elevate its trolley wire on elevating the crossing in order to conform to the grade of the railroad, which resulted in plaintiff, a railroad brakeman, being injured by coming in contact with the trolley or guy wire as he was passing under the same while standing on the top of a freight car, and there was evidence that the wires could have been elevated so as to be out of danger, whether the street car company was guilty of negligence in failing to do so was for the jury.

2. RELEASE—JOINT TORT-FEASORS.

Where plaintiff, a railroad brakeman, was injured by coming in contact with a trolley or guy wire belonging to a street car company alleged to have been negligently permitted to remain in a dangerously low position over a railroad crossing, and the only act of negligence with which the railroad company could be charged was in omitting to warn plaintiff of the presence of the wire or in itself requiring the street car company to raise it, the railroad company and the street car company were not joint tort-feasors so that the latter was not relieved from liability by a release executed by plaintiff to the railroad company.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 140 Fed. 784.

Wm. A. Challener, for plaintiff in error.
J. O. Petty, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

GRAY, Circuit Judge. The defendant in error, John Chapman, hereinafter called the plaintiff, brought this suit in the Circuit Court for the Western District of Pennsylvania, to recover damages for personal injuries sustained through the negligence of the plaintiff in error, the Pittsburgh Railways Company, hereinafter called the defendant.

The plaintiff was a brakeman employed by the Baltimore & Ohio Railroad Company, and suffered the injuries complained of on the 4th day of March, 1903, by coming in contact with the trolley wire of defendant, or the guy wire used for its support, while standing on top of a freight car moving under said wires. The defendant's road crossed the tracks of the Baltimore & Ohio Railroad at an acute angle, so that both the guy wire and the trolley wire were suspended diagonally across the line of said railroad. The plaintiff alleged that the defendant was guilty of negligence, in maintaining said wires at an insufficient height from the tracks of the Baltimore & Ohio Railroad, to clear the heads of those standing, as brakemen are compelled to do, on the tops of cars moving under them. It also alleged negligence, in that no devices, such as tell-tales or whip lashes, were provided by defendant to give notice or warning of the danger.

It was conceded that the construction complained of was dangerous, and there was no allegation of contributory negligence on the part of the plaintiff. It was contended, however, on behalf of the defendant, that its original construction was safe, the trolley and guy wires at the point of crossing the rails of the Baltimore & Ohio Railroad being then more than 20 feet above the same; but that after this original construction of defendant's line across the line of the Baltimore & Ohio Railroad Company, the latter company raised its tracks about two feet, reducing the distance between the wires and its tracks from 20 feet 5 inches to 17 feet 11 inches, the defendant company, of course, being obliged to elevate its track so as to cross at grade; that the defendant was not guilty of any negligence, but that the Baltimore & Ohio Railroad Company was the guilty party, by reason of its having lessened the distance between the tracks and the wires; that if there was any negligence on defendant's part, in permitting the situation thus created to remain, the Baltimore & Ohio Railroad Company was itself also guilty of the same negligence, and was therefore either a joint or concurrent tort feasor with defendant, and that the execution of certain releases by plaintiff to the Baltimore & Ohio Railroad Company, of liability in regard to the accident, as a matter of law, discharged the defendant.

The testimony shows that defendant's railway was laid on a public road, and it does not appear that the Baltimore & Ohio Railroad Company had any right to interefere with the proper use of said railway across its tracks. There was also testimony, tending to show that the defendant company acquiesced in the raising of the tracks at the crossing, without protest or resistance, as there was nothing to show that the latter company was not acting within its rights in the changes made at the crossing. What was before a reasonably safe situation, was made dangerous by this raising of the tracks of the defendant at the crossing, consequent upon the raising of those of the Baltimore & Ohio Railroad at that point, unless the overhead wires were correspondingly raised. There was testimony, and it is not denied, that the defendant company was notified by the Baltimore & Ohio Railroad Company that it was about to make this change in grade. It is not denied that the defendant company, though

it raised its own tracks to correspond with the height to which the railroad company had raised its tracks, made no change in the height of the trolley or guy wires, which diagonally crossed the latter, or that it made no provision or effort to guard against the danger which was thereby obviously created. There is no testimony tending to show that the defendant made any protest to the railroad company, of inability from any cause to raise its wires, but apparently, from the evidence, allowed the situation created by the raising of its tracks to remain, without warning devices or safeguards, and without concern as to the great peril occasioned thereby to those riding on the tops of freight cars at night. At the trial, however, testimony was introduced on behalf of the defendant, to show that after the defendant company had crossed the railroad tracks of the Baltimore & Ohio at grade, its line went under the railway of the Pittsburgh & Lake Erie Railroad, running parallel to land about 70 feet from the said crossing of the Baltimore & Ohio Railroad; that owing to the then recent lowering of the girders carrying the said last-mentioned railroad across the trolley road, the trolley wire had to be depressed at that point, and that on that account it was impracticable to raise it at the crossing of the Baltimore & Ohio Railroad. Its own engineers so testified, though engineers produced by plaintiff testified to the contrary. The case was submitted to the jury, with a reservation as to the effect of certain releases by plaintiff to the Baltimore & Ohio Railroad Company, put in evidence by defendant, and with a charge to which no exception was taken by the defendant.

The verdict of the jury, and the judgment thereon, were in favor of the plaintiff. With the writ of error sued out by the defendant, there are two assignments of error. First, That the court erred in refusing plaintiff's first point, that under all the evidence the verdict must be for the defendant. Second, That the court erred in refusing defendant's motion for judgment, non obstante veredicto, on the question reserved as to the effect of certain releases from the plaintiff to the Baltimore & Ohio Railroad Company, hereinafter more fully referred to, and in ordering the clerk to enter judgment on the verdict for plaintiff.

We think, from the evidence as outlined above, it is apparent that the first exception is without merit. Whether the Baltimore & Ohio Railroad Company was guilty of negligence, or not, there was testimony tending to show a neglect of duty on the part of defendant, under the circumstances, which made the question a proper one for submission to the jury. No one has a right to create or maintain a structure dangerous to those lawfully exposed thereto, without just excuse, and in a case like the present, it was incumbent upon the defendant to show facts or circumstances which would constitute such excuse or justification of its conduct. We may assume that defendant company had a right to cross the tracks of the railroad company, as we may also assume that the railroad company was within its rights in raising the tracks at the crossing, and thus requiring a corresponding elevation of the defendant's tracks at that point, but we cannot say, as defendant practically asked the court below to say, that no duty

was imposed upon defendant, in crossing these tracks, not to expose those lawfully using and operating the trains on the railroad, to so serious a peril as a low trolley wire, safeguarded by no warning devices, and without notice to the railroad company of any supposed inability to raise it.

It would seem that, if there were a legal duty to raise its tracks to the same height as those of the Baltimore & Ohio Railroad, there was the same duty to raise its wires correspondingly, as a part of its structure at the said crossing. If, in the original placement of its line at the crossing, it was the defendant's duty to those lawfully using or employed upon the railroad, to maintain its wires at the safe distance of over 20 feet from its rails, that duty to maintain a safe distance between the two was still imposed upon it when the grade at the crossing had been raised two feet and more. If such a duty was imposed upon the defendant, failure to discharge it was actionable negligence. The concepts imported by the words "duty" and "negligence" are not absolute, but relative to circumstances of time, place or person. Assuming that the defendant had the right to cross the railroad, with its structure of tracks and overhead wires, it was legally bound so to use this right and these appliances, as not to injure those lawfully using or employed upon the railroad at the said crossing. Its duty was such, by relation to the place of the crossing, and to the persons lawfully within any danger, to be occasioned by too low a placement of the wire. So far, the defendant has clearly no right to complain that the question of its negligence raised by these facts and circumstances, were submitted to the jury.

Nor can we say that the excuse given at the trial for not raising these wires, was of such a character as to be conclusive, and render it proper that the court should so instruct the jury, instead of leaving to them the determination, upon all the facts and circumstances testified to. There was evidence in the case sufficient to justify the jury in concluding that it was possible for the defendant, without unreasonable expense or trouble, to have raised its wires so as to remove the peril to employés of the Baltimore & Ohio Railroad Copmany who were required, in the discharge of their duties, to ride on the tops of cars.

But defendant says, even if it were negligent, the Baltimore & Ohio Railroad Company was also negligent, and is therefore a joint or concurrent tort feasor with the defendant, and that certain releases made by the planitiff to the last named company, being releases to a joint tort feasor, have relieved the defendant of liability. These releases were three in number. The evidence shows that the sums of money in them respectively mentioned were paid by the Relief Department of the Baltimore & Ohio Railroad Company, that they were signed more than eight months after the date of the injury to the plaintiff, that the delay in signing them was owing to the reluctance of the plaintiff to make any settlement that might jeopard his right to sue, and that it was only after an understanding with the officers of the Baltimore & Ohio Railroad Company that his right of action against the defendant would not be affected, that he finally consented to receive the

moneys and execute the three releases. Each of the releases was accompanied with an order on the treasurer of the Baltimore & Ohio Railroad Company, for the sum of money therein mentioned, one being for $24, another for $26, and the third for $11. These sums were paid as and for the amounts due monthly from the Relief Department. The releases and orders for the first and second payments were in the same form as the release and order for the last payment. The release and order for the last payment were as follows:

"Baltimore & Ohio Railroad Co., Relief Department.

"No. 27933. Series C. Relay, Md., June 3, 1903.

"Treasurer of Baltimore & Ohio Railroad Co., Baltimore, Md.: Pay to the order of John Chapman Eleven dollars. This amount is in payment of benefits due from the Relief Department for the period May 1 to May 13, 1903, inclusive, on account of accident and is paid and accepted under the Regulations of the Dep't. Payee employed as Bkmn.

"W. R. Barr, Superintendent.

"Certif. No. 208581.
"Countersigned: John P. Hess, Chief Clerk.
"$11.00.
"Endorsed: John Chapman.
"Witness: H. Koonce.

"Release of All Claims for Damages and Receipts for Disablement Allowance.

"Place Pittsburgh, Pa., Date, Nov 23, 1903.

"Received this day from the Relief Department of the Baltimore & Ohio Railroad Company, by the hands of Examiner Koonce, the sum of eleven dollars ($11.00), the same being full allowance which, as a member of the said Department, I am entitled to receive from its funds for the period commencing May 4, 1903, and ending May 13, 1903, by reason of injuries received whilst in the discharge of duty in the service of the Baltimore & Ohio Railroad Company at or near Rankin, Pa., on or about March 4, 1903, and in consideration of the receipt by me of said sum, I do hereby release and forever discharge the said company, and all other companies owning or operating its roads, branches or divisions, from all claims or demands for damages, indemnity or other form of compensation I now, or may or can hereafter. have against any of the aforesaid companies by reason of said injuries.

"I declare, on honor, that during the period above stated, I have not been able, by reason of said injuries, to perform my accustomed labor, and have not done work of any kind for pay.

"The undersigned read to the claimant the foregoing Release and then paid to him the said sum and then witnessed his signature.

"H. Koonce.

"[Signed] John Chapman, [Seal]
"Residence, Braddock, Pa."

These releases were admitted in evidence by the court below, but the verdict for plaintiff was taken, as we have seen, subject to the reserved question:

"Whether the release, offered in evidence, to the Baltimore & Ohio Railroad Company, given by the plaintiff, and the payment of the money therein recited to him, took away from the plaintiff the right of action against the defendant company for damages resulting from the injury at Rankin, Pennsylvania, on March 4th, 1903."

After consideration of this reserved question, on a motion made by the defendant for judgment, non obstante veredicto, the court refused the same, giving its reasons for so doing, as follows:

"Neither the pleadings or the evidence averred or showed any joint negligence or joint liability of the defendant and the Baltimore & Ohio Railroad Company. The negligence of the defendant averred in the statement and established by the proof was the act of placing its wires an unsafe distance above the railroad tracks. This was a positive act of commission in the doing of which the Baltimore & Ohio Railroad Company had no part. It may be the latter company was also liable to the plaintiff in failing to notify him of the presence of the wire, but such liability, if it existed, is based on different grounds, namely, a negative act of omission by the railroad and not a positive act of commission. It suffices to say that it is not shown the Baltimore & Ohio Railroad Company was liable as a joint tort feasor, and in the absence of such proof, the burden of showing which is on the defendant, a release of the Baltimore & Ohio Railroad Company by the plaintiff did not release the defendant. Thomas v. Railroad Company, 194 Pa. 514, 45 Atl. 344."

In this opinion we concur. No joint tort of the defendant and the Baltimore & Ohio Railroad Company was averred or shown. The negligent act of defendant complained of, was the maintaining of the trolley wire and guy wire at an unsafe distance from its tracks, without any provision for the warning of those within its danger. This constituted the unsafe situation maintained by defendant, and was the act of negligence complained of. In this the Baltimore & Ohio Railroad Company had no participation. The suggestion that it also failed to give warning of the dangerous situation maintained by defendant, was that of an entirely distinct and different act of negligence, if negligence at all. It was therefore not a joint tort feasor with defendant, and on this ground the court below were right in refusing defendant's motion for judgment. The second specification of error therefore fails to be sustained.

The judgment of the court below is hereby affirmed.