STATE OF MARYLAND,
To the Use of Emma P. Cox et al.,


*vs.*


THE MARYLAND ELECTRIC RAILWAYS CO.

*Entry of case "settled": effect of—; binding upon parties; settlement of torts with third parties. Employer and employee: payment for injuries; from insurance fund.*

The entry of a case "settled," when done with the sanction and under the eye of the Court, is a judicial act, and not open to controversy or question in collateral proceedings. .          p. 304

The effect of such an entry can not be altered by the parties in any subsequent suit.                                    p. 304

It is not essential that the party with whom a settlement is made or by whom a release is given should be a joint *tort feasor,* in order that the release may operate to discharge others from liability.          .          p. 305

When the plaintiff has accepted satisfaction in full for injury done him, from whatever source it may have come, he is, in equity and good conscience, so far affected that the law will not permit him to recover in another action for the same damages.          p. 305

. It is neither just nor lawful that there should be more than one satisfaction for an injury done, whether the same were done by one or more.          p. 306

Where equitable plaintiffs brought suit under Lord Campbell's Act against the employer of the deceased, and papers filed in Court recited that they had received a certain amount of money in full accord, settlement and satisfaction of said suit, the equitable plaintiffs can not then maintain an action against another defendant for damages occasioned by the same injury, although the money paid in settlement may have been paid to said equitable plaintiffs out of an employees' benefit fund maintained by the employer.                              pp. 304-306

*Decided June 22nd, 1915.*

Appeal from the Baltimore City Court. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*David G. McIntosh* and *T. Tilden Kelbaugh,* for the appellant.

*Stuart S. Janney* and *Frank B. Ober* (with whom were *Ritchie, Janney & Griswold* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

This suit was brought, under Article 67 of the Code, by the appellants, the widow and infant children of George C. Cox, a lineman of the Chesapeake and Potomac Telephone Company, for damages resulting from the alleged negligence of the defendant, causing the death of the said George C. Cox while in the employment of the said Chesapeake and Potomac Telephone Company.

In addition to the general issue plea, the defendant filed a further plea in which, briefly stated, it is alleged that the plaintiffs had previously instituted, in the Court of Common Pleas of Baltimore City a suit against the Chesapeake and

Potomac Telephone Company to recover damages for the same tort which is the alleged cause of the present action, and that the said Chesapeake and Potomac Telephone Company appeared and pleaded to said suit, which was thereafter compromised and settled by the payment of the sum of $2,527.20 to the plaintiffs by the said Chesapeake and Potomac Telephone Company, which was duly acknowledged in said proceedings and the entry made therein, "Agreed and settled and all claims therein satisfied." A copy of said proceedings, including the aforesaid declaration, a power of attorney from the plaintiffs to their attorney in that suit, and the docket entries, was filed with and made part of said plea.

In reply to this second plea, the plaintiffs filed their first and second replications, in which they do not deny the institution of the suit aforesaid, or that the declaration therein stated a different cause of action from that mentioned in the plea, or that the said suit was compromised and settled as stated in the plea. They admit the payment to them by the defendant in that suit of the aforesaid sum, but deny that it was paid to or received by them for the tort aforesaid, and claim that it was paid to them as beneficiaries of George C. Cox from the relief fund of the Employees' Pensions, Disability Benefits and Insurance Fund, of which association the said George C. Cox was a member, either as insurance or for three years' wages to said Cox, to which they were entitled from such fund, and that the suit against the Chesapeake and Potomac Telephone Company was instituted to recover such insurance or wages, and not to recover damages sustained by them by reason of the death of the said George C. Cox; and in their replication they allege that the death of the said George C. Cox was not caused by the negligence of the Chesapeake and Potomac Telephone Company.

A demurrer was interposed to these replications, but it was overruled, and the defendant thereafter filed its rejoinders. Issues were thereafter joined and the case proceeded to trial.

At the conclusion of the plaintiffs' testimony the defendant offered three prayers, each of which asked the Court to direct the jury to render a verdict for the defendant—the first, because of a want of legally sufficient evidence entitling the plaintiffs to recover; the second, because of a want of legally sufficient evidence *under the pleadings* entitling the plaintiffs to recover; and the third, because of contributory negligence on the part of the deceased, George C. Cox. The first and second prayers were refused, the third prayer was granted, and a verdict was rendered for the defendant, upon which a judgment was entered.

Exceptions were taken to the ruling of the Court upon the granting of the defendant's third prayer and to the rulings of the Court upon the admission and rejection of certain testimony offered in the trial of the case, and from the judgment so entered an appeal was taken.

The main questions here presented are:

*First*—Whether the prior settlement between the equitable plaintiffs and the Chesapeake and Potomac Telephone Company, as disclosed by the pleadings, is a bar to this action.

*Second*—Whether Cox is shown to have been guilty of contributory negligence.

If the first of these questions is decided in the affirmative, then it will be unnecessary for us to consider and pass upon the second or upon the rulings on the admission and rejection of the testimony.

The aforesaid power of attorney executed by the appellant, Emma P. Cox, as widow and as mother and next friend of the infant children of George C. Cox, deceased, not only appointed Carter Lee Bowie as attorney to institute said suit, but it authorized him to prosecute it "to a verdict or to compromise and settle the said suit for the sum of $2,527.20, to be paid by the Chesapeake & Potomac Telephone Company of Baltimore City from its Employees' Benefit Fund or otherwise, and to enter said suit and the cause of action 'Agreed and settled and all claims therein satisfied.'" Pursuant to such authority, the suit was compromised by the defendant

paying to the plaintiffs the aforesaid sum of $2,527.20, and the case was marked "Agreed and settled on terms, defendant to pay costs, by order of the plaintiff's and defendant's attorneys filed."

The replication goes only to the extent of saying that the proceedings in the former suit, which are to be considered part of the plea, are not what they purport to be; that although their declaration therein discloses that the suit instituted by them, which resulted in the compromise and settlement aforesaid and the payment to them of the said sum of $2,527.20, was to recover damages for the death of George C. Cox, "caused by the negligence of the defendant and its failure to perform the duty which it owed to him," yet the replication alleges that such suit was not instituted to recover such damages, and denies that the death of George C. Cox was the result of the negligence of said defendant, and that said sum paid to and received by them was not in settlement of damages suffered by them by the death of George C. Cox, but that it was the insurance to which they were entitled as his beneficiaries, or was for three years' wages due and payable to them from said relief fund, as stated. And this is claimed by them notwithstanding the fact that Mr. Bowie was authorized "to compromise and settle the said suit for the sum of $2,527.20, to be paid by the Chesapeake and Potomac Telephone Company of Baltimore City from its *Employees' Benefit Fund or otherwise,* and to enter said suit and the cause of action 'Agreed and settled and all claims therein satisfied.' "

The entering of the suit "settled" was done under the eye and with the sanction of the Court, and should be considered as a judicial act not open to question or controversy in any collateral proceeding; *Clark* v. *Southern Can Co.,* 116 Md. 95. And thus the effect of such settlement and entry can not be changed or altered, as here attempted by the plaintiffs. The demurrer to the replication should have been sustained; *Morris* v. *Travelers' Ins. Co.,* 189 Fed. Rep. 211.

.But is the plea a good one and is it a bar to the plaintiffs' right to recover?

It is contended by the plaintiffs that it "fails to state that the defendant is a joint wrongdoer with the C. & P. Telephone Company, and for such reason it is bad."

The authorities are not altogether in accord upon this question. In some jurisdictions it has been held essential that the party to whom a release has been given or with whom a settlement has been made shall be one of two or more joint *tort feasors* in order to discharge the others from liability; *Pittsburg Ry. Co.* v. *Chapman,* 145 Fed. 886; *Ky. Bridge Co.* v. *Hall,* 125 Ind. 220; *Thomas* v. *Central R. R. N. J.,* 194 Pa. St. 511; *M., K. & T. R. R. Co.* v. *McWhorter,* 59 Kan. 345. While in other States, including Maryland, it is not essential that the party with whom the settlement is made or by whom the release is given shall be a joint *tort feasor* in order to release others from liability; *Gunther* v. *Lee,* 45 Md. 67; *Berkley* v. *Wilson,* 87 Md. 222; *Cleveland* v. *Bangor,* 87 Me. 265; *Brown* v. *Cambridge,* 3 Allen, 474; *Tompsee* v. *Clay St. R. R. Co.,* 66 Cal. 163; *Brewer* v. *Casey,* 196 Mass. 384; *Leddy* v. *Barney,* 139 Mass. 394; *Hubbard* v. *St. L. & M. Ry. Co.,* 173 Mo. 249.

This Court said in *Gunther* v. *Lee, supra,* quoting from *Lovejoy* v. *Murray,* 3 Wall. 1: "When the plaintiff has accepted satisfaction in full for the injury done him, from whatever sources it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages." And in *Berkeley* v. *Wilson, supra,* in which the Court was discussing a plea simliar to the one in this case, the Court said, speaking through JUDGE FOWLER: "Whether the wrongdoing complained of in the former case be the joint act of Bunnecke and the defendants, or the several torts of each, can make no difference in determining the validity of the plea or the admissibility of the record as evidence in this case. If the defendant and Bunnecke had both been sued in the first case for the injury there alleged, there could, of course, have been but one recov-

ery, And it would seem to be very clear, upon reason and authorities as well, that the same result must follow when the same injury is caused by the independent acts of several wrongdoers. The reason of this rule is apparent. It is neither just nor lawful that there should be more than one satisfaction for the same injury, whether that injury be done by one or more; *Cleveland* v. *Bangor,* 87 Me. 265; *Brown* v. *Cambridge,* 3 Allen, 474; *Lovejoy* v. *Murray,* 3 Wall. 1; *Gunther* v. *Lee,* 45 Md. 67. In the case first cited, WHITE-HOUSE, J., speaking for the Supreme Judicial Court of Maine, said: 'No sound reason has been given, and it is believed none can be assigned, for such a distinction between the case of wrongdoers who are jointly and severally liable, and those who are only severally liable for the same injury. In either case the sufferer is entitled to but one compensation for the same injury, and full satisfaction from one will operate as a discharge of the others.'"

The settlement of the aforesaid suit against the Chesapeake and Potomac Telephone Company, by the payment by it of the said sum of $2,527.20, is a complete bar to the right of the plaintiffs to recover in this case. The judgment of the Court below will therefore be affirmed.

*Judgment affirmed, with costs to the appellee.*