JOHN V. L. FINDLAY, Plaintiff, v. MARY FINDLAY, Individually and and as Executrix, etc., of YORKE ALLEN, Deceased, Defendant.

Supreme Court, Special Term, New York County, June 3, 1942.

*John J. O'Connor*, for the plaintiff.

*Berle & Berle*, for the defendant.

BENVENGA, J.   Motion by the defendant for summary judgment in an action for false imprisonment which alleges the wrongful detention of the plaintiff in a Maryland sanatorium.   Simultaneously with the commencement of this action, another action was begun in Maryland for the same wrongful detention against the owner of the sanatorium.   This latter action was settled, the plaintiff executing and delivering a general release in the usual form.   It contains no reservation whatever of any rights against third persons.   This release is set up as a bar to the maintenance of this action, on the ground that plaintiff has already received satisfaction for the alleged false imprisonment.

The rule is well settled that an injured person may receive but one satisfaction for his injury, whether the injury be done by one or more; that a release of one or more of the persons liable for the injury is a discharge of all unless the release contains an express reservation of rights against third persons, or otherwise indicates on its face that the satisfaction is intended to be partial only.   This is the law in this State (*Milks* v. *McIver*, 264 N. Y. 267; *Rector* v. *City of New York*, 261 App. Div. 614, 617) and also in Maryland (*Cox* v. *Md. Elec. Rwys. Co.*, 126 Md. 300; 95 A. 43; *Bradford* v. *Hartford Bank*, 148 Md. 1; 128 A. 899).

" In such a case, and where damages arising out of tort are unliquidated and the release contains no reservation, sections 231–235 of the Debtor and Creditor Law are inapplicable."   (*Rector* v. *City of N. Y.*, *supra.*)

It is contended that, as the wrongful acts of the defendant herein anteceded those of the proprietor of the Maryland sanatorium, the wrongful acts of the latter are separate and distinct from those of the former; that therefore the release of the latter is not a release of the former.   But even so, their wrongful acts brought about the alleged false imprisonment of the plaintiff, and those acts in combination, produced the injury complained of.

Under the circumstances, the plaintiff having accepted satisfaction from one of the alleged wrongdoers without reserving his rights against others, such satisfaction operates as a discharge of all, and he cannot now maintain this action.   (*Cleveland* v. *Bangor*, 87 Me. 259; 32 A. 892; *Cox* v. *Md. Elec. Rwys. Co.*, *supra.*)

(July 16, 1942.)

Motion to vacate and set aside the dismissal of plaintiff's complaint and order for summary judgment is denied.