Nathaniel T. Helman, J.
The defendants have moved to dismiss the complaint under rule 107 of the Buies of Civil Practice claiming that (a) the first cause of action is barred by the Statute of Limitations, and (b) both the first and second causes of action have been invalidated by the execution of a release by this plaintiff. Plaintiff claims it was damaged by virtue of its reliance on a financial statement dated February 14, 1959, prepared by the defendant accountants. The complaint alleges two causes of action, one for negligence and the other for fraud and deceit. Since the first cause of action, which is governed by subdivision 6 of section 49 of the Civil Practice Act was commenced more than three years from the date of injury, the first cause of action is time-barred (Goldberg v. Bosworth, 29 Misc 2d 1057).
By the provisions of a stockholders’ agreement dated January 23, 1958, plaintiff undertook to purchase the stock of one Otto Knopf from his estate, in the event of his death. Customary provisions were inserted for the evaluation of the shares of the *523 deceased stockholder, including specifically a formula for computation by the accountants for the firm on the value of the stock under generally accepted accounting principles. In apparent dissatisfaction with the report of the accountants, plaintiff instituted proceedings (1) to compel arbitration of a dispute as to price, and (2) to enjoin an executor from further proceedings prejudicial to plaintiff’s interests. Negotiations were thereafter had by way of settlement and a compromise was reached as a result of which the purchase price payable by plaintiff was reduced. In confirmation thereof, a release was delivered by plaintiff to the executors fully discharging them of further liability.
The present action against the accountants revives the same charges of negligence and deceit, even to the extent of specifying the four items of complaint submitted by plaintiff in her prior proceedings. Faced with the alleged bar of her release, plaintiff asserts that no privity exists between the separately named defendants, the accountants not having been named either in the prior lawsuit or the release. I find the contention without merit. It is a well-settled principle of law that a release given to one joint tortfeasor discharges the others of all liability for the injury complained of unless the release contains an express reservation of rights against third persons (Findlay v. Findlay, 178 Misc. 855; Lucio v. Curran, 2 N Y 2d 157). The accountants’ statements were used by plaintiff as the basis for negotiations with the estate of her costockholder and the adjustment of her differences was founded upon an abandonment of all of her prior claims with respect to those statements. The defendants in the original action, and the present defendants, were all parties to the original transaction. Such claim as may have originally accrued to plaintiff was a single cause of action not to be fragmented at plaintiff’s whim, and the discharge of such claim by the release of one tort-feasor, terminated the liability of those jointly involved. Defendants’ motions are accordingly granted.