COBB, Judge.
This case arose from a three-vehicle accident that occurred on 1-95 at night with smoke or fog covering the highway. William Carver was driving an Armellini tractor-trailer rig and stopped in the smoke or fog while on the highway. Royce Stone was driving a Ploof truck and ran into the rear of the Armellini tractor-trailer. Irene Mackey, now Irene Sexton, was driving an automobile with her son, Darrell Sexton, Jr., as a passenger in the middle front seat. Patrick White was also a passenger in the Sexton vehicle. The Sexton automobile slid underneath the Armellini tractor-trailer.
Patrick White filed suit against Armelli-ni, Carver, Ploof, and Stone in a prior suit. Irene Mackey (Sexton) was apparently added as a party plaintiff in that suit. In that prior suit, the jury returned a verdict which found that William Carver was one hundred percent negligent for any damage caused to Irene Mackey (Sexton), and that she herself was zero percent negligent. Armellini and Carver then settled the claim in return for a release and voluntary dismissal prior to the entry of a final judgment against them. Therefore, the final judgment entered in that case included the verdict findings with regard to Irene Mackey (Sexton) and Wil *311 liam Carver, but did not enter judgment against Armellini and Carver in favor of Irene Mackey (Sexton).
Subsequently, Darrell Sexton, Jr., filed this suit against Armellini, William Carver, Bankers & Shippers Ins. Co., Ploof Truck Lines and Royce Stone for the injuries he sustained in the accident. His mother, Irene (Mackey) Sexton, sued for loss of services and medical expenses arising from the injuries to her son, Darrell Sexton, Jr.
Darrell Sexton, Jr., moved for a partial summary judgment on the issue of negligence based on estoppel by judgment due to the verdict in the prior suit. The trial court granted the partial summary judgment for Darrell Sexton, Jr., against Armellini, Carver and Bankers & Shippers. It is this final partial summary judgment which is being appealed.
There was no judgment in the prior suit against the appellants that could serve as the basis for estoppel by judgment in this case. Generally, a final judgment is necessary to serve as the basis for estoppel by judgment. See Donnell v. Industrial Fire & Cas. Co., 378 So.2d 1344 (Fla. 3d DCA 1980); Edwards v. Kings Point Housing Corp., 351 So.2d 1073 (Fla. 4th DCA 1977); Thoman v. Ashley, 170 So.2d 332 (Fla. 2d DCA 1964), cert. denied, 177 So.2d 205 (Fla.1965). Here there was only a verdict, and a verdict without a judgment is generally inadequate as a basis for estoppel by judgment. 50 C.J.S. Judgments § 614 (1947).
Since there was no judgment against the appellants, we do not reach the issue of whether Florida should recognize the offensive use (as opposed to defensive use) of estoppel by judgment.
REVERSED.
FRANK D. UPCHURCH, Jr., J., and SCHWARTZ, ALAN R., Associate Judge, concur.