427 So.2d 254 (1983)
Arnold C. LEWIS, Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellee.
No. 81-1452.
District Court of Appeal of Florida, Fifth District.
February 16, 1983.
Horace E. Hill, Sr., Daytona Beach, for appellant.
Ronald L. Harrop of Gurney, Gurney & Handley, P.A., Orlando, for appellee.
ORFINGER, Chief Judge.
This appeal is from a final order dismissing plaintiff's action for benefits under a policy of disability insurance. We reverse.
Appellant's complaint sought recovery of certain disability benefits under a group policy of insurance issued to appellant's employer. Attached to and made a part of the complaint was a copy of a special jury verdict in an earlier case between the same parties under the same insurance policy. The verdict indicated the finding of the jury that appellant was disabled by accidental bodily injury and was entitled to benefits from December 11, 1978, to December 11, 1980. The complaint in the instant case was filed August 11, 1981, and sought benefits under the same insurance policy from August 4, 1980. On motion of the defendant to dismiss the action on the ground that it was barred by the doctrine of res judicata or collateral estoppel, the trial court entered the final judgment of dismissal.
While appellant raises several issues which he contends require reversal, we need discuss only one. Res judicata and estoppel by judgment are affirmative defenses which must be raised by a party when pleading to a preceding pleading. Fla.R.C.P. 1.110(d). If the affirmative defense appears on the face of the prior pleading, it may be asserted as a ground for a motion to dismiss. Id. On a motion to dismiss the complaint, the court must look solely to the complaint and may not consider an affirmative defense which does not appear on the face of the complaint. See Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977).
Here, the jury verdict is attached to and made a part of the complaint, so it can be considered for this purpose. However, a jury verdict is not an adjudication, and a judgment is essential to the operation of either res judicata or estoppel by judgment. Armellini Express Lines, Inc. v. Sexton, 384 So.2d 310 (Fla. 5th DCA 1980); 32 Fla. Jur.2d, Judgments and Decrees, sec. 126.
*255 Since no judgment appears on the face of the complaint and there was nothing before the trial judge at that stage of the proceeding to indicate that a final judgment had been entered on the jury verdict, it was error to dismiss the action at that stage on the basis of either res judicata or estoppel by judgment.
The final judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.