SHARP, Judge,
dissenting.
The issue on appeal is whether the trial court erred in granting the defendant, Weathers’, motion for judgment on the pleadings on the ground that the plaintiff, Patterson’s, suit to quiet title was barred by the defendant’s prior suit against the plaintiff and others. I respectfully dissent because I do not think the defendant properly raised res judicata as an affirmative defense, nor do I think she properly established, as a matter of law, this defense simply by the pleadings.
It is axiomatic that res judicata is an affirmative defense, Fla.R.Civ.P. 1.110(d), which the pleader has the burden of pleading and establishing. Excel Insurance Company v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981) (and cases cited therein). In this case, Weathers answered Patterson’s quiet title complaint with denials and admissions, but she pled no affirmative defenses as such. She simply denied that Patterson has title to the land involved in this suit, because of a prior judgment in a suit involving Patterson as a defendant.[1]
*1297 Weathers’ motion for judgment on the pleadings takes the position that the res judicata defense is raised on the face of the complaint. That would be a most unusual situation, since to be bound by a former judgment, it must be clearly established that the parties and cause of action were identical, and that there was an adjudication on the merits. See Lewis v. Connecticut General Life Insurance Company, 427 So.2d 254 (Fla. 5th DCA 1983); Seaboard Coast Line Railroad Company v. Industrial Contracting Company, 260 So.2d 860 (Fla. 4th DCA 1972).
In this case, Patterson’s complaint attached as an exhibit, a copy of a final judgment in a quiet title suit filed in Marion County which she alleged cast a “cloud” on her title. The attached final judgment names Patterson as a defendant against whom a default was obtained, and it quieted title in Weathers as to various specific parcels, none of which are involved in the present suit. Another exhibit attached to the complaint is entitled “Supplemental Final Judgment” and pertains to the same proceeding. It does include the property at issue in this suit, but it fails to designate Patterson as one of the defendants served and bound by the supplemental judgment.[2] In fact, the parcels and persons named as defendants in the “Supplemental Final Judgment” are entirely different from those named in the original final judgment. The supplemental judgment refers throughout to the defendants “named” or designated “herein,” and makes no reference to the defendants or the parcels in the original final judgment.
It is unclear to me from these documents, that Weathers’ quiet title complaint sought to quiet title as to all the properties against all the defendants in both judgments. There may have been multiple counts involving different defendants as to different parcels. These ambiguities can only be resolved by resort to the full court records concerning the prior suit, after res judicata is properly pleaded in this case. Patterson would be thus afforded a right to defend by filing a reply with supporting documents.[3] At this point, resolution of the res judicata defense is clearly premature.
On the basis of these pleadings, I think Weathers failed to prove and establish her res judicata defense. It was therefore error to enter a final judgment in her favor on that ground. I would reverse.

. Specifically, the answer alleged:
The Defendants [sic], MATILDA WEATHERS, answers the Complaint filed herein as follows: ******
8. Denied that plaintiff has any right, title, claim or interest in and to the lands subject matter of this action, as rights of the parties were determined by the Final Judgment and Supplemental Final Judgment entered in Civil Action Number 78-360-B, Circuit Court of Marion County, Florida.

. The supplemental judgment recites:
1. The Court has jurisdiction of this cause and of each of the following named or designated Defendants who were named in the Complaint herein to-wit: MARY WADE, ROBERT M. FIFE, FRANCOIS PARK, J.T. PEACOCK, W.O. HEATH, W.O. HEATH, JR., HARRIET LUSHINGTON, a/k/a HARRIET LUSINGTON a/k/a HARRIET LIVINGSTON, VINA WILLIAMS, CLARENCE E. VANS and his wife, CLARABELL E. VANS, ELVIRA HEATH, and LAWYER’S TITLE INSURANCE CORPORATION, and as to each of said natural persons against the unknown husband or wife as the case may be of any or either of them, if alive and if dead then against their and each of their unknown heirs, devisees, legatees, grantees and all other parties in the interests by, through, under or against them, and against all parties having or claiming on having any right, title or interest in the following described lands in Marion County, Florida, to-wit:
PARCEL ‘H’
******
PARCEL T....
The latter parcel is the property involved in the present suit. It was not mentioned in the original judgment.

. Patterson attempted to argue below and on appeal that no default was entered against her in the prior litigation, and she attempted to attach the default judgments in her appendix to her brief. Obviously, at this point they are not part of the record, but they should be considered by the trial court in determining whether res judicata should be applied.