**Charles LESLIE and Carlton Leslie,
Plaintiffs-Appellants,**

v.

**Frankie E. INGRAM, Jr., Duane F.
Davis, and Johnny McDaniel,
Defendants-Appellees.**

No. 85–3068.

United States Court of Appeals,
Eleventh Circuit.

April 22, 1986.

James G. Mahorner, Tallahassee, Fla., for plaintiffs-appellants.

Ronald A. Labasky, Tallahassee, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and SIMPSON, Senior Circuit Judge.

SIMPSON, Senior Circuit Judge:

Charles Leslie and his brother, Carlton Leslie, filed suit against McDaniel, the sheriff of Jackson County, Florida, and two of his deputies, Ingram and Davis, pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and

1988. Count One of the complaint alleged that the defendants maliciously arrested Carlton knowing that the warrant incorrectly identified him as the person to be arrested. Count Two alleged that the defendants maliciously subjected Charles to an arrest without probable cause, used excessive force by striking him with a flashlight, seized his person a second time under the authority of a warrant upon which the name of the person to be arrested had been changed, and maliciously impounded his automobile without cause or due process of law. The complaint further and generally alleges that the defendants conspired against the brothers; that the civil rights violations had been caused in part by the sheriff's failure to properly select, train and test his men and finally alleges that the brothers would have been treated differently if they were not members of the black race. The Leslie brothers prayed for money damages, attorneys fees, costs and other relief. The defendants moved for, and obtained, summary judgment, Fed.R. Civ.P. 56. The Leslies have appealed arguing that the district judge has ignored material issues of fact and misinterpreted the law.

 The two main issues on appeal were decided upon questions of law which require no recitation of facts. The district court held that neither brother could maintain an action for false arrest because Carlton was arrested pursuant to a warrant and because Charles was collaterally estopped from asserting his claim by a verdict in which the jury found him guilty of the misdemeanor of resisting a lawful arrest without violence. Fla.Stat. § 843.02 (1983), despite the fact that the state trial court, in ordering probation, withheld adjudication of Charles' guilt. We disagree. The fact that a magistrate has found probable cause to issue an arrest warrant is no bar to a suit for damages against the officers who procured the warrant. *Malley v. Briggs*, —— U.S. ——, ———— ————, 106 S.Ct. 1092, 1098–99, 89 L.Ed.2d 271 (1986). Nor are the defendants entitled to claim collat-

eral estoppel against Charles. A federal court must give a state court's judgment the same effect that it would have in state litigation. *Migra v. Warren City School District*, 465 U.S. 75, 104 S.Ct. 892, 895, 79 L.Ed.2d 56 (1984). Florida law requires an adjudication, *i.e.*, the entry of a final judgment, rather than a mere jury verdict, to raise the bar of collateral estoppel in later litigation. *Lewis v. Connecticut General Life Insurance Co.*, 427 So.2d 254 (Fla. 5th Dist.Ct.App.1983). That simple requirement has not been met in this case.

 The district court's disposal of the remaining issues is infected with a common error; the judge failed to credit the depositions that the Leslie brothers introduced in opposition to the defendants' motion for summary judgment. As we have repeatedly written, the court must make all credibility choices and draw all permissible inferences against the moving party. *Crockett v. Uniroyal*, 772 F.2d 1524, 1528–29 (11th Cir.1985). Nothing in the record can explain the district judge's failure to follow that standard other than the court's erroneous conclusions that the warrant and the verdict precluded inquiry into the validity of the arrests of the Leslie brothers. The prejudicial effects of this error are far-reaching and will be described briefly as to each of the remaining claims.[1]

 The court found that Charles had no valid claim for an excessive use of force because the evidence showed, *inter alia*, that he had been struck on the chin in the course of an arrest which was valid under Florida law. Yet, Charles testified that he had committed no crime and was parked peacefully in his father's yard when Ingram, who drove up in an unmarked car and wearing civilian clothes, accosted him, grabbed him and struck him with a flashlight without identifying himself as a police officer, or announcing the fact, authority, or reason for the arrest. Under Charles' version of the facts, the arrest would have been illegal under Florida law. Fla.Stat.

---

1. The recitation of specific testimony in this opinion should not be construed as discounting the probative value of other evidence in the record. The court merely intends to cite exam-

§ 901.17 (1983).[2] Moreover, under this circuit's test for evaluating an excessive force claim the court must examine: (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically. *Byrd v. Clark*, 783 F.2d 1002, 1006, (11th Cir.1986); *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1501 (11th Cir. 1985) (*en banc*). Under Charles' version of the facts, neither the need nor the officer's good faith is established. Therefore, summary judgment is inappropriate.

■ The court's resolution of Charles' claims that Ingram and Davis illegally seized and impounded his automobile and that Ingram had made a second arrest under the authority of an illegally altered warrant was also made under the misapprehension that the record uncontestedly established that Charles had "escaped" from the initial arrest. The court held that the "escape" created exigent circumstances which would justify seizure of the vehicle to prevent its use in further flight and that the subsequent arrest could be made without any warrant at all because Charles had committed a felony in the presence of a police officer by "escaping" a valid arrest. Yet Charles' testimony on deposition, if credited, casts great doubt upon the validity of the arrest. Charles testified that he had committed no crimes and that Ingram accosted him, grabbed him, battered him with a flashlight and, without once identifying himself as a police officer, announced an "arrest" as he was entering his home. Under such circumstances, Charles had no reason to believe that he had been confronted by a police officer with the authority to make an arrest. Under Charles' version of the facts, his flight into his house was not a felonious escape and did not give rise to "exigent circumstances". *Cf. Bey v.*

*State*, 355 So.2d 850, 852 (Fla.3d Dist.Ct. App.1978) (arrestee must understand arresting officer intends to detain him). Moreover, the officer's own testimony belies their claim of exigency in that they did not secure the area and waited two days to procure a warrant. Accordingly, the summary judgment for the defendants on these two claims cannot stand.

■ Nor can we uphold the judgment dismissing the conspiracy claims on grounds that there was no evidence of either an agreement between the defendants or an actual deprivation of federally protected rights. See, *Griffin v. Breckenridge*, 403 U.S. 88, 104–05, 91 S.Ct. 1790, 1799, 29 L.Ed.2d 338 (1971). As we have held above, the constitutional claims should not have been dismissed. The record establishes that there was at least enough evidence in the depositions to show intentionally concerted action upon the part of Ingram and Davis in wrongfully seizing Charles' automobile and there is further evidence that Ingram's actions may have been racially motivated in that he used racially offensive remarks toward Charles during their initial encounter. The extent and nature of any conspiracy is best left to the fact finding processes of the district court. We hold only that the district court erred in entering summary judgment on the § 1983 and the racially-based § 1985(3) conspiracy claims. See, *Dykes v. Hosemann*, 743 F.2d 1488, 1498 (11th Cir.1984) aff'd *en banc* on other grounds, 776 F.2d 942 (1985).

■ The opinion accompanying the order granting summary judgment to the sheriff contains no explicit resolution of the Leslies' claim against him. It is implicit, however, that judgment was entered in his favor solely because no action for wrongful hiring, supervision, training and testing of the officers may be maintained where no

---

ples of the type of testimony which the court obviously overlooked.

**2.** 901.17, *Method of arrest by officer without warrant*

A peace officer making an arrest without a warrant shall inform the person to be arrested

of his authority and the cause of arrest except when the person flees or forcibly resists before the officer has an opportunity to inform him or when giving the information will imperil the arrest.

civil rights violation can be proven. We have held above that judgment was improperly entered on the civil rights claims. We note that in his deposition, the sheriff could state no specific training or testing was done regarding the officers' training on arrest, warrant or property seizure procedures. Accordingly, we hold that summary judgment was improperly entered in his favor.

 Finally, we note an error which was not caused by a misunderstanding of the standard of review but was a mistaken decision concerning availability of federal remedies. The district court held that even if there was evidence to show that the defendants wrongfully and intentionally impounded Charles' automobile the pursuit of a federal action was foreclosed by the availability of an adequate state remedy. *See, generally, Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) *and Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 1916–17, 68 L.Ed.2d 420 (1981). We disagree. The evidence, viewed in the light most favorable to the party opposing summary judgment, shows that Ingram and Davis seized the automobile in retaliation against Charles' assertion of his right to insist upon arrest by warrant while he was in his home or its curtilage. *See, generally, Oliver v. United States,* 466 U.S. 170, 180, 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214 (1984); *Payton v. New York,* 445 U.S. 573, 583–90, 100 S.Ct. 1371, 1378–82, 63 L.Ed.2d 639 (1980). An intentional and wrongful retaliation for the assertion of a constitutionally protected right is a substantive civil rights violation which may be prosecuted in a federal court pursuant to 42 U.S.C. § 1983, irrespective of the existence of state remedies. *Pruitt v. City of Montgomery,* 771 F.2d 1475, 1484 n. 19 (11th Cir.1985). Therefore, a federal civil rights action could be maintained under 42 U.S.C. § 1983.

For the reasons stated above we must reverse the summary judgment and remand the case to the district court for further action consistent with this opinion.

REVERSED and REMANDED.