Lucius **WORDLEY,** Plaintiff,

v.

Officer Pablo **SAN MIGUEL,**
Defendant.

Case No. 11–23754–CIV.

United States District Court,
S.D. Florida.

Jan. 3, 2013.

Lucius Wordley, South Bay, FL, pro se.

Erica Sunny Shultz Zaron, Miami, FL, for Defendant.

### ORDER DECLINING TO ADOPT RE-PORT, GRANTING MOTION TO DIS-MISS, AND CLOSING CASE

PATRICIA A. SEITZ, District Judge.

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE–19]. In that Report, Magistrate Judge White recommends that Defendant's Motion to Dismiss Complaint [DE–17] be granted. Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, alleges that Defendant used excessive force during Plaintiff's arrest. Defendant has moved to dismiss based on qualified immunity and Plaintiff has filed a "reply" [DE–18].[1] The Report recommends denying the motion because the facts have not yet been sufficiently developed. Defendant has filed objections [DE–20] to the Report; Plaintiff has not. Because Plaintiff has not met his burden of establishing that qualified immunity should not apply, Defendant's Motion to Dismiss is granted.

---

1. Plaintiff's "reply" does not, however, address any of the substantive arguments raised by Defendant.

## I. Facts Alleged in the Complaint

■ Plaintiff alleges that on Friday, April 8, 2011, he and his nephew got into a physical altercation. According to police reports,[2] the altercation ended when Plaintiff struck his nephew in the face with the butt of a shotgun and then fled the scene. Around midnight, Plaintiff returned to the residence, causing the home's alarm to go off and the police to be dispatched. Defendant arrived at the house and ordered Plaintiff onto the ground. Defendant came up to Plaintiff, placed his knee on Plaintiff's back, pulled Plaintiff's left hand behind his back, and reached for Plaintiff's right hand. Defendant was unable to immediately grab Plaintiff's right hand and arm because a table leg was in the way. While trying to secure Plaintiff's right arm, Defendant put more force on Plaintiff's left hand. Plaintiff yelled that he was in pain, but Defendant continued to twist Plaintiff's left hand. Plaintiff again complained that Defendant was twisting too hard and then heard his finger pop and felt a sharp pain in his hand and arm. Defendant was then able to finish handcuffing Plaintiff.

Plaintiff was then placed in the back of Defendant's car and taken to the police station. At the station, Plaintiff asked Defendant why he broke Plaintiff's finger and Defendant came up to Plaintiff and placed his hand around Plaintiff's neck in a choking position. Plaintiff does not allege that Defendant applied any force when he placed his hand around Plaintiff's neck.[3] Defendant then warned Plaintiff not to say anything else. Shortly after, Plaintiff called out to a sergeant and told him that Plaintiff thought his finger was broken. The sergeant called 911. Paramedics arrived and transported Plaintiff to the hospital. At the hospital, a doctor confirmed that Plaintiff's finger was broken and that surgery was necessary to repair the break.

## II. The Motion to Dismiss

Defendant moves to dismiss Plaintiff's complaint based on qualified immunity. Defendant argues that twisting Plaintiff's left hand behind his back, which caused Plaintiff's finger to break, did not amount to excessive force and, even if it did, did not violate clearly established law. Magistrate Judge White's Report simply found that "the facts are not sufficient at this time to enable the Court to make a determination of whether there was use of excessive force, and whether the defendant might be entitled to qualified immunity." Defendant objects to the finding of the

2. Defendant filed the police reports as attachments to his Motion to Dismiss. The Court may consider a document attached to a motion to dismiss if the document is central to the plaintiff's claim and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002). "Undisputed" means that the authenticity of the document is not challenged. *Id.* Thus, the Court may consider the police reports Defendant has attached to the Motion to Dismiss because their authenticity has not been challenged and they relate to Plaintiff's arrest, which is the basis of his complaint.

3. Plaintiff filed an amendment to his complaint [DE–7] to set out his damages. The amendment states, in pertinent part:
   Also the Complaintive [sic] seek's [sic] in damage's [sic] the maximum amount of money the state allow's [sic]. To cover hospitals [sic] bills, disability compensation, punitive damages, and mental damages. And or any long term damages that injury to my finger may cause.
   However, nothing in this amendment indicates that Plaintiff alleges that the choking actions resulted in any injuries. The sole damages he has alleged appear to relate to his finger.

Report because the Report did not explicitly analyze the arguments raised in Defendant's Motion to Dismiss and thus does not constitute a proper review of Defendant's qualified immunity defense.

■■■ Qualified immunity offers government officials sued in their individual capacity complete protection as long as their conduct violates no clearly established law of which a reasonable person would have known. *Hoyt v. Cooks,* 672 F.3d 972, 977 (11th Cir.2012). A court must grant qualified immunity unless the facts taken in the light most favorable to Plaintiff show: (1) that there was a violation of the Constitution and (2) that the illegality of Defendant's actions was clearly established at the time of the incident. *See id.* In other words, once an official proves that he was acting within his discretionary authority, the burden shifts to the plaintiff to prove that the official's acts violated clearly established law of which a reasonable person would have known. *Priester v. City of Riviera Beach, Fla.,* 208 F.3d 919, 926 (11th Cir.2000). In this matter, given that Defendant was arresting Plaintiff at the time in question, Defendant was acting within his discretionary authority. Thus, Plaintiff has the burden of demonstrating that Defendant violated clearly established law. Plaintiff has not met this burden.

■■■ Taking the facts alleged in the complaint in the light most favorable to Plaintiff, Plaintiff has not established the second prong of the test—that the illegality of Defendant's actions was clearly established at the time of the incident.

There are two ways for a party to show that the law clearly established that a particular amount of force was excessive. The first is to point to a "material-ly similar case [that has] already decided that what the police officer was doing was unlawful." *Willingham* [*v. Loughnan* ], 261 F.3d at 1187. Because identifying factually similar cases may be difficult in the excessive force context, we have recognized a narrow exception also allowing parties to show "that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." *Priester,* 208 F.3d at 926 (quoting *Smith v. Mattox,* 127 F.3d 1416, 1419 (11th Cir.1997)). Under this test, the law is clearly established, and qualified immunity can be overcome, only if the standards set forth in *Graham* and our own case law "inevitably lead every reasonable officer in [the defendant's] position to conclude the force was unlawful." *Id.* (quoting *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1559 (11th Cir.1993)).

*Lee v. Ferraro,* 284 F.3d 1188, 1198–99 (11th Cir.2002). Plaintiff has shown neither.

A review of the case law, indicates that a reasonable police officer would not have known that twisting Plaintiff's hand while handcuffing him, which resulted in Plaintiff's broken finger, amounted to excessive force. In *Smith v. Mattox,* 127 F.3d 1416 (11th Cir.1997), after threatening police with a baseball bat and attempting to flee, the plaintiff, Smith, suddenly became docile and submitted to arrest. Smith submitted to the officer's request to get down on the ground. Once Smith was on the ground, the officer put his knee on Smith's lower back in order to handcuff Smith. While pulling Smith's left arm behind his back to fasten the handcuffs, the officer caused Smith discomfort and Smith com-

plained. Then, with "a grunt and a blow," the officer broke Smith's arm. Smith required surgery to repair multiple fractures. The Eleventh Circuit found that this case "barely" crossed the line. Key to the decision was that Smith was not resisting and "the considerable effort and force inferable from the grunt, Smith's sensation of a blow, and the broken arm was obviously unnecessary to restrain even a previously fractious arrestee." *Id.* at 1420. Thus, if the actions in *Smith* barely crossed the line, the actions of Defendant in this case have not. Here, while there are no allegations in the complaint that Plaintiff was resisting or struggling, there are also no allegations of a blow or any other action that would seem unnecessary to the process of restraining and handcuffing Plaintiff. *See Sanchez v. Obando–Echeverry,* 716 F.Supp.2d 1195 (S.D.Fla. 2010) (finding that police officer was entitled to qualified immunity after the officer grabbed the plaintiff by the wrist, pulled his arm up by the wrist, threw the plaintiff on the ground, and continued pulling on the plaintiff's arm while handcuffing him, which resulted in the plaintiff suffering a torn labrum in his shoulder). Thus, Plaintiff has not established that the case law, at the time of the incident, clearly established that Defendant was using excessive force.

■ Nor has Plaintiff established that Defendant's "conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." This is a narrow exception that requires a plaintiff to show that:

> the official's conduct "was so far beyond the hazy border between excessive and acceptable force that [the official] had to

know he was violating the Constitution even without caselaw on point." *See Smith,* 127 F.3d at 1419. This test entails determining whether "application of the [excessive force] standard would inevitably lead every reasonable officer in [the Defendants'] position to conclude the force was unlawful." *See Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1559 (11th Cir.1993), *as amended,* 14 F.3d 583 (11th Cir.1994); *see also Jones v. City of Dothan,* 121 F.3d 1456, 1460 (11th Cir.1997).

*Priester,* 208 F.3d at 926–27 (brackets in original). There are no allegations in the complaint and nothing in Plaintiff's response to the motion that would show that the force used by Defendant would lead every reasonable officer to conclude that the force was unlawful.

■ In determining whether the force used was excessive, a court considers: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Lee,* 284 F.3d at 1197–98 (quoting *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The facts alleged in the complaint, and supplemented by the arrest records filed by Defendant, indicate that Plaintiff's crime involved a physical altercation with a minor that ended with Plaintiff using a firearm to strike the minor. Thus, the crime was not a minor traffic violation or a misdemeanor. Given that Defendant had knowledge of Plaintiff's earlier actions, it was not unreasonable for Defendant to consider Plaintiff a threat to the safety of Defendant and others. Furthermore, Plaintiff had previously fled the scene after assaulting his nephew. Thus, considering these factors,

a reasonable officer would not inevitably conclude that the force used by Defendant was unlawful. Thus, Plaintiff's complaint does not fall within the narrow exception when there is an absence of case law. Consequently, Defendant is entitled to qualified immunity.

Thus, having carefully reviewed, *de novo,* Magistrate Judge White's Report, the record, Defendant's objections to the Report, and Plaintiff's lack of response to the objections, it is hereby

ORDERED that:

(1) The Court declines to adopt the above-mentioned Report of Magistrate Judge [DE–17];

(2) Defendant's Motion to Dismiss Complaint [DE–17] is GRANTED and the claim against Defendant is DISMISSED with prejudice;

(3) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT; and

(4) This case is CLOSED.

DONE AND ORDERED.

## REPORT OF MAGISTRATE JUDGE

### (DE # 17)

PATRICK A. WHITE, United States Magistrate Judge.

### I. *Introduction*

The plaintiff, Lucius Wordley, a detainee at the Metro West Detention Center, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (DE # 1) and a motion to amend relief to seek damages (DE # 17), raising claims of excessive force, resulting from events surrounding his arrest in April of 2011.

This Cause is before the Court upon a screening of the defendant's motion to dismiss (DE # 17).

### II. *Analysis*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. *See Fed. R.Civ.P.* 12(b)(6). The complaint may be dismissed if the plaintiff fails to plead facts that state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); *Watts v. FIU,* 495 F.3d 1289 (11 Cir.2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964–65. The rules of pleading do "not require heightened fact pleading of specifics...." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Twombly,* 127 S.Ct. at 1964). The language of section 1915(e)(2)(B)(ii) used to determine whether the plaintiff has stated a claim tracks the language of Federal Rule of Civil Procedure 12(b)(6).

## A. Statement of the Claims

A Preliminary Report was entered on January 4, 2012, 2012 WL 370327. The facts, taken from the plaintiff's complaint, indicate that plaintiff names Metro Dade Police Officer Pablo San Miguel as the sole defendant. He states that on April 8, 2011, he and his nephew got into a physical altercation. He claims he left the house, and when he returned and was cleaning up some broken glass resulting from the altercation, the Alarm System Company called him twice to check on his appearance in the house. He then states someone with a gun aimed at him, and asked "Wordley is that You". He was told to get down or he would shoot. The officer came around behind him and placed a knee in the middle of his back and tried to twist his hand. He then felt a sharp pain, and heard his finger pop. He was in terrible pain and was placed in handcuffs. He was driven to the police station, and on the way was placed in a choke position and told to keep his mouth shut. An officer came over and he showed him the finger broken during the arrest. Pictures were taken and his hand was looked at, confirming it was broken. He was seen by a doctor in Jackson County Hospital, and informed he would need surgery.

## B. Sufficiency of the claim Use of Force

Claims of excessive force by police officers are cognizable under 42 U.S.C. § 1983, as are claims that officers who were present failed to intervene. *Fundiller v. City of Cooper City*, 777 F.2d 1436 (11 Cir.1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11 Cir. 2008); *Vinyard v. Wilson*, 311 F.3d 1340, 1346–47 (11 Cir.2002); *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11 Cir.2002); *Ortega v. Schramm*, 922 F.2d 684, 694 (11 Cir.1991).

Such an analysis requires a court to balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the government interest alleged to justify the intrusion." *Graham, supra, quoting United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). The factors to consider when balancing an arrestee's constitutional rights and the need for use of force include (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight; *Graham, supra*, 490 U.S. at 396, 109 S.Ct. 1865; *Vinyard, supra*, 311 F.3d at 1347; *Lee, supra*, 284 F.3d at 1197; and in determining whether the force applied was "reasonable" under the circumstances, the Court must examine: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; and (3) the extent of the injury inflicted upon the individual to whom the force was applied. *Graham*, at 396, 109 S.Ct. 1865; *Vinyard*, at 1347; *Lee* at 1198. Although the test applied by the Eleventh Circuit previously included a subjective prong, examining whether the force was applies maliciously, *see e.g. Leslie v. Ingram*, 786 F.2d 1533, 1536 (11 Cir.1986), that factor was eliminated from the analysis by *Graham* and other cases establishing that the excessive force inquiry should be completely objective, thereby

excluding consideration of the Officer's intentions. *Lee, supra*, 284 F.3d at 1198 n. 7. Thus, "reasonableness" for purposes of such an analysis is judged according to an objective standard under the totality of the circumstances, without regard to the officers' underlying intent. *Graham, supra* at 389, 109 S.Ct. 1865. In *Lee*, the Eleventh Circuit explained that "*Graham* dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *Lee, supra*, 284 F.3d at 1198. Courts must account for the fact that the police officers are forced to make split second judgements in circumstances that are tense, uncertain and rapidly evolving as to the use of force used. *Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11 Cir.2010).

The Preliminary Report recommended that at this preliminary stage, the plaintiff stated a claim of use of unlawful force against Officer Miguel. Telephonic inquiry to the Metro West Detention Center indicates that the plaintiff is facing charges of child abuse, and held with no bond. To determine whether unlawful force was used will require further development to determine its sufficiency, probably in the form of a motion for summary judgement.

### C. *The motion to dismiss (DE # 17)*

The defendant argues that the complaint should be dismissed based on the following reasons: 1) the defendant is entitled to qualified immunity, and 2) the force used was not excessive, therefore his constitutional rights were not violated. The defen-

dant includes two exhibits, the complaint arrest affidavit and Miami Dade Police Department Report. (DE # 17–1 & 2).[1]

According to the complaint arrest affidavit the plaintiff hit his fifteen year old nephew in the face with a shotgun. Upon apprehending the plaintiff, Office Miguel approached him at gunpoint and told him to get on the ground, put his knee on his back and place his left hand behind his back. The defendant argues that Wordley's right arm was obstructed by a table leg. Worldly complained his left hand was in pain, but that Officer Miguel twisted it further to apply the handcuffs. Wordley felt a sharp pain and his finger pop. The defendant states that he was treated for a jammed finger, citing to DE # 17 Ex B.

### D. *Analysis*

As stated above, the standard for a preliminary screening of the complaint and for reviewing a motion to dismiss are the same, as the language to dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) tracks the language of Rule 12(b)(6). The Preliminary Report and Recommendation entered by the Undersigned was adopted by the United States District Judge on February 3, 2012, 2012 WL 370322, finding that the plaintiff had minimally stated a claim of excessive force, and that further development of the facts were required to determine whether the use of force was excessive.

The defendant further argues that he is entitled to qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200,

---

1. The defendant states that these exhibits do not convert the motion to dismiss to a motion for summary judgment as these exhibits are of public record, citing to *Jackson v. BellSouth Telecomm.*, 181 F.Supp.2d 1345 (S.D.Fla. 2001).

121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11 Cir.2002) (citing *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)), and it shields from suit "all but the plainly incompetent or one who is knowingly violating the federal law." *Lee, supra*, 284 F.3d at 1194 (quoting *Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11 Cir. 2001)). Since qualified immunity is a defense not only from personal liability for government officials sued in their individual capacities, but also a defense from suit, it is important for the Court to determine the validity of a qualified immunity defense as early in the lawsuit as is possible. *Lee v. Ferraro, supra*, at 1194; *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir.1998).

Generally, government officials performing discretionary functions are protected by qualified immunity if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

In *Saucier, supra*, the Supreme Court set forth a two-part test for evaluating a claim of qualified immunity. As a "threshold question," a court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Lee, supra* at 1194 (quoting *Saucier*, 533 U.S. 194, 201, 121 S.Ct. 2151); and then, if a constitutional right would have been violated under the *plaintiff's* version of the facts, the court must then determine "whether the right was clearly established." *Lee, supra*, 284 F.3d at 1194 (quoting *Saucier, supra* ). This second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.; see also Marsh v. Butler County*, 268 F.3d 1014, 1031–33 (11 Cir.2001) (*en banc* ).

In this case, the facts are not sufficient at this time to enable the Court to make a determination of whether there was use of excessive force, and whether the defendant might be entitled to qualified immunity. These issues may be decided at a later date when the facts are more developed.

### III. *Recommendation*

Based on the foregoing, it is recommended that:

1. The defendant's Motion to Dismiss (DE # 17) should be denied.

2. The case shall proceed against Officer Miguel on the claim of use of excessive force.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended.